In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00157-CR

                                                ______________________________

 

 

                                 RAYMOND KEITH WALLS,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                      On Appeal from the 102nd
Judicial District Court

                                                          Red
River County, Texas

                                                          Trial Court
No. CR01624

 

                                                    
                                              

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            Raymond
Keith Walls appeals from his conviction for assault.  See
Tex. Penal Code Ann. § 22.01(a),
(b)(2)(B) (West 2011).  Walls’ attorney
on appeal has filed a brief which discusses the record and reviews the
proceedings in detail, providing possible issues, but explaining why they
cannot succeed.  Counsel has thus
provided a professional evaluation of the record demonstrating why, in effect,
there are no arguable grounds to be advanced.  This meets the requirements of Anders v. California, 386 U.S. 738
(1967); Stafford v. State, 813 S.W.2d
503 (Tex. Crim. App. 1981); and High v.
State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

            Counsel
mailed a copy of the brief and a letter to Walls on November 16, 2011,
informing Walls of his right to file a pro se response and his right to review
the record of the trial proceedings in doing so.  Walls’ brief was due to be filed in this Court
on December 16, 2011.  As of this date, no
brief has been filed and no request for extension has been made.  Counsel has also filed a motion with this
Court seeking to withdraw as counsel in this appeal.

            We have
determined that this appeal is wholly frivolous.  We have independently reviewed the clerk’s
record and the reporter’s record, and find no genuinely arguable issue.  See Halbert v. Michigan, 545 U.S. 605, 623 (2005).
 We, therefore, agree with counsel’s
assessment that no arguable issues support an appeal.  See Bledsoe v. State, 178 S.W.3d 824, 826–27
(Tex. Crim. App. 2005).

            We take note, though,
of an inaccuracy in the trial court’s judgment.   The judgment states Walls pled “true” to the
two enhancement paragraphs, where in fact he pled “not true.”  We amend the judgment to reflect Walls’
pleas.[1]

            As amended,
we affirm the trial court’s judgment.[2]                                                              

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          January
30, 2012

Date Decided:             January
31, 2012

 

Do Not Publish           

 

 

 

 

 











[1]Appellate
courts have the authority to reform the judgment to make the record speak the
truth when the matter has been called to its attention by any source.  French
v. State, 830 S.W.2d 607 (Tex. Crim. App. 1992).  In Asberry
v. State, 813 S.W.2d 526 (Tex. App.—Dallas
1991, pet. ref'd), the court noted that the authority of the appellate court to
reform incorrect judgments is not dependent on request of any party and that
the appellate court may act sua sponte. 
The Texas Rules of Appellate Procedure provide direct authority for this
Court to modify the judgment of the trial court.  Tex. R.
App. P. 43.2(b).

 





[2]Since
we agree this case presents no reversible error, we also, in accordance with Anders, grant counsel's request to
withdraw from further representation of appellant in this case.  No substitute counsel will be appointed.
Should appellant wish to seek further review of this case by the Texas Court of
Criminal Appeals, appellant must either retain an attorney to file a petition
for discretionary review or appellant must file a pro se petition for
discretionary review. Any petition for discretionary review must be filed
within thirty days from the date of either this opinion or the last timely
motion for rehearing or for en banc reconsideration was overruled by this
Court.  See Tex. R. App. P.
68.2.  Any petition for discretionary
review must be filed with the clerk of the Texas Court of Criminal Appeals. See
Tex. R. App. P. 68.3 (amended by
the Texas Court of Criminal Appeals Misc. Docket No. 11-104, effective Sept. 1,
2011). Any petition for discretionary review should comply with the
requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  See Tex. R. App. P. 68.4.